U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2012 NOV -7  AM 1: 42

CLERK

BY _____
DEPUTY CLERK

SCOTT WELLER,                    )
                                 )
            Plaintiff,           )
      v.                         )        Case No. 5:10-cv-181
                                 )
STEVE DYKEMAN,                   )
                                 )
            Defendant.           )

## OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 36, 42)

This matter came before the court for a review of the Magistrate Judge John Conroy's October 10, 2012 Report and Recommendation (the "R & R") in regards to a motion for summary judgment filed by the Defendant Steve Dykeman. Defendant, who is an official at the Northern State Correctional Facility, has moved for summary judgment on two grounds. First, Defendant contends Plaintiff Scott Weller failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). In the alternative, Defendant contends summary judgment in Defendant's favor is appropriate because Plaintiff fails to allege a constitutional violation because Defendant took no intentional, deliberate steps to hinder Plaintiff's pursuit of his cause of action in small claims court. Plaintiff did not oppose the motion for summary judgment. Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

In his eighteen page R & R, the Magistrate Judge carefully reviewed the factual record and the motion before the court. He recommended that Defendant's motion for summary judgment be granted on the grounds that Plaintiff has failed to exhaust his administrative remedies as required by the PLRA in accordance with DOC's grievance procedure deadlines and no special circumstances are alleged that would excuse his noncompliance. The Magistrate Judge recommended denying the motion on Defendant's alternative ground, that no constitutional violation occurred, because Defendant failed to establish the absence of a genuine issue of material fact with regard to that claim.

The Magistrate Judge further recommended that Plaintiff affirmatively be granted the opportunity to amend his complaint. Because Plaintiff neither opposed the motion for summary judgment, nor objected to the Magistrate Judge's recommendation that dismissal be granted, leave to amend may be premature, unnecessary, and unwarranted. Accordingly, the court does not grant leave to amend *sua sponte*, but stays dismissal of this case for thirty (30) days from the date of this Opinion and Order during which time Plaintiff may petition for leave to amend his complaint should he desire to do so. In the event Plaintiff seeks to amend his complaint, he must submit a copy of his proposed

2

amended complaint with his motion and explain to the court why leave to amend should be granted.

For the foregoing reasons, the court hereby ADOPTS IN PART the Magistrate Judge's R & R (Doc. 42) as the court's Opinion and Order. The court also GRANTS Defendant's motion for summary judgment. (Doc. 36.) This case shall be dismissed in the event Plaintiff does not seek leave to amend his complaint within thirty (30) days of this Opinion and Order.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this __6th__ day of November, 2012.

Christina Reiss, Chief Judge
United States District Court

3